# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:09-cr-00047-MR-2

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BRENTON MICHAEL REINHARDT, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion to direct the Bureau of Prisons to take custody of the Defendant [Doc. 108].

On June 2, 2009, the Defendant was charged in a Bill of Indictment with conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. [Doc. 2]. On June 22, 2009, the Defendant was brought to this Court for an initial appearance pursuant to a Writ of Habeas Corpus Ad *Prosequendum* issued to the North Carolina Department of Corrections [Doc. 17], where the Defendant was serving a state sentence of 80 to 105 months arising from a state conviction imposed by the Superior Court for Iredell County, North Carolina for the offenses of

felony larceny and being a habitual felon [see Doc. 60 at 16]. This Court sentenced the Defendant on November 23, 2010 to a term of 235 months' imprisonment to be served concurrently with a 22 to 27-month sentence imposed in two related state cases, 08CRS50481 and 08CRS50482 in the Superior Court for Lincoln County, North Carolina. [Doc. 76].

In his motion, the Defendant states that he has recently learned that he will remain in state custody upon the expiration of his habitual felon sentence in order to serve his subsequent 22 to 27-month state sentence which is to be concurrent with the sentence imposed by the Court. The Defendant objects to this, arguing that he should be transferred to federal custody immediately upon the expiration of his habitual felon sentence so that he may serve his concurrent federal and state sentences while in federal custody. [Doc. 108].

The Defendant is not entitled to the relief that he seeks. "[W]hen a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus *ad prosequendum* . . . the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998). In other words, federal custody of the Defendant will not

begin until after the Defendant has served his full state sentence with the State of North Carolina. The Court is without authority to order the State to relinquish custody of the Defendant any sooner.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion to direct the Bureau of Prisons to take custody of the Defendant [Doc. 108], is **DENIED**.

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge